UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09CV-442-H

RICHARD B. VAN ETTEN                                                                                PLAINTIFF

V.

BOSTON SCIENTIFIC CORPORATION                                                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff in this defective medical device products liability case has moved to remand on the grounds that his claim does not meet the amount in controversy requirements for federal jurisdiction.  Defendant, Boston Scientific, opposes the remand primarily on the grounds that Plaintiff cannot "amend" his complaint in order to defeat federal jurisdiction.

The relevant facts are these.  Plaintiff filed his complaint in Jefferson Circuit Court alleging personal injuries as a result of perforated bowel during surgery at Norton Audubon Hospital.  Plaintiff alleges that the injuries resulted from a product defect used in surgery which product Defendant designed, manufactured and marketed.  As required under Kentucky law, the complaint did not actually state an amount of damages.  Nevertheless, after filing the complaint, Plaintiff provided Defendant with evidence of medical bills totaling about $33,000.  Notwithstanding this common sense judgment, Plaintiff's counsel also advised Defendant in that same correspondence that he would not be seeking damages in an amount exceeding $75,000.  After receiving the information about the medical bills, Defendant timely removed based upon the entirely reasonable belief that the amount at issue could exceed $75,000.  Certainly, by any

reasonable judgment Plaintiff's claim could easily be said to exceed the $75,000 jurisdictional amount.

This Court has held on many occasions that under Kentucky law, a plaintiff whose case is removed to federal court may clarify, but not change, the amount of his demand in order to remain below the federal amount in controversy requirement and, thus, achieve remand. *See Egan v. Premier Scales & Sys.*, 237 F.Supp.2d 774 (W.D. Ky. 2002). For the reasons stated, the Court continues to believe that this rule is a sound procedure under Kentucky's pleading requirements. However, only a plaintiff's unequivocal statement and stipulation will suffice to clarify the complaint. *Id.* Here, in his motion to remand, Plaintiff's counsel stated as follows:

> The plaintiff, by counsel, hereby certifies to the Court that he will not be making a claim nor pursuing damages in amount equal to or exceeding the sum of $75,000.00. Plaintiff's claim will be for an amount less that $75,000.00 and, therefore, this court lacks jurisdiction to sustain the removal of the case from the Jefferson Circuit Court.

The question before the Court is whether this statement is sufficient to support remand.

On its face, Plaintiff's statement leaves no doubt or out. As such, it does meet the Court's minimum requirement of being an unequivocal stipulation that he will seek less than $75,000 in damages in his complaint. The only particular consideration here that makes this case unusual is that Plaintiff's actual damages, if proven, might clearly exceed $75,000. Consequently, the Court's absolute reliance upon counsel's statement limiting his damages is essential element of the Court's consideration.

The Court always has concerns that such a statement could be used by an unscrupulous party simply as a means of avoiding federal jurisdiction. The Court does not believe that that is the case here. Should counsel or Plaintiff attempt to void this commitment, however, this should

Case 3:09-cv-00442-JGH  Document 11  Filed 10/23/09  Page 3 of 3 PageID #: 45

be dealt with the utmost severity.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to remand is SUSTAINED and this case is REMANDED to Jefferson Circuit Court.

cc: Counsel of Record

3